UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH BALLARD, RONALD ROCHESTER, DANIEL CULVER and NICOLE CULVER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>U.S. BANK, N.A., OCWEN FINANCIAL CORPORATION and WELLS FARGO BANK, N.A.<br><br>Defendants. | Case No.<br><br><br><br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

1.      Plaintiffs Keith Ballard, Ronald Rochester, Daniel Culver and Nicole Culver (collectively, "Plaintiffs"), by and through their counsel of record, on behalf of themselves and all others similarly situated, allege based upon personal knowledge as to Plaintiffs' own acts, and upon information and belief as to all other matters, against defendants U.S. Bank, N.A. ("U.S. Bank"), Ocwen Financial Corporation ("Ocwen"), Wells Fargo Bank, N.A. ("Wells Fargo" and collectively with U.S. Bank and Ocwen, "Defendants"), as follows:

**I.      NATURE OF THE ACTION**

2.      This action seeks to redress the systematic failure by U.S. Bank and its loan servicing agents and representatives to timely present proof that mortgage and other home loans have been satisfied within the time demanded by New York Real Property Law ("RPL") §275 and New York Real Property Actions and Proceedings Law ("RPAPL") §1921 to the county clerks of New York State.

3.      RPL §275 and RPAPL §1921 require that mortgagees like U.S. Bank and its loan servicing agents and representatives present a satisfaction of mortgage within 30 days of when a

mortgagor has paid the entire principle and interest due on a mortgage or home loan to the proper county clerk.[1] The statutes each provide that a mortgagee who fails to do so within 30 days is liable to the mortgagor for $500.00; a mortgagee who fails to do so for more than 60 days is liable to the mortgagor for $1,000.00; and a mortgagee who presents a mortgage satisfaction more than 90 days late is liable to the mortgagor for $1,500.00.

4. The New York Legislature has determined that failures by mortgagees to clear and quiet titles within the deadlines required by RPL §275 and RPAPL §1921 cause actual, concrete, and particularized injuries to aggrieved mortgagors like Plaintiffs and the absent members of the Class.

5. U.S. Bank and its loan servicing agents and representatives, originated, acquired, and/or serviced mortgage loans on Plaintiffs' homes located in New York. Even though Plaintiffs each repaid those mortgage or home loans in full, Defendants did not present, or cause to be presented, satisfactions of mortgage with the New York county clerks within the required 30 days, and sometimes substantially in excess of 90 days.

6. Plaintiffs allege claims under the RPL §275 and RPAPL §1921 on behalf of themselves and the absent members of the Class.

7. Plaintiffs seek, among other relief, for themselves and for the absent members of the Class, (1) the statutory damages and remedies required by RPL §275 and RPAPL §1921; and (2) injunctive relief protecting Plaintiffs and the Class against Defendants' further and future violations of RPL §275 and RPAPL §1921.

---

[1] In RPL § 275, "[t]he terms 'certificate of discharge' and 'satisfaction of mortgage' are used interchangeably." *Alder v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 113288, *2-3, n.1 (S.D.N.Y. July 17, 2014); *accord Bellino v. JPMorgan Chase Bank, N.A.,* 2106 U.S. Dist. LEXIS 137067, *4 (S.D.N.Y. Oct. 3, 2016).

**II.    JURISDICTION AND VENUE**

8.   This Court has subject matter jurisdiction under 28 U.S.C. §1332(d) and the Class Action Fairness Act ("CAFA") because this is a class action in which the subject matter in controversy exceeds the sum or value of $5,000,000.00 and there are in excess of 100 class members.

9.   This Court also has personal jurisdiction over Defendants. Defendants are authorized to do business in New York, maintain offices and employees in New York and this District, maintain continuous and systemic contacts with New York and this District, do business in New York and this District specifically related to the claims alleged in this Complaint, and have sufficient minimum contacts with New York so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10.   Venue is proper in this District under 28 U.S.C. § 1391.

**III.    THE PARTIES**

11.   Plaintiff Keith Ballard owns a home and property located in Rockland County that was subject to a mortgage loan originated in July 1999 and subsequently assigned to U.S. Bank as Trustee for the Mortgage Pass-Through Certificates Series 1999-10. Plaintiff Ballard fully-repaid that mortgage loan on July 14, 2011. Nevertheless, neither U.S. Bank nor additional mortgagee and loan servicer Ocwen presented a satisfaction of mortgage to the Rockland County Clerk releasing the lien on Plaintiff Ballard's home and property until on or about January 21, 2020, more than 8 years after Plaintiff Ballard repaid the mortgage loan. *See* **Exhibits A, B**. Plaintiff Ballard is a resident of Sloatsburg, New York.

12.   Plaintiff Ronald Rochester owns a home and property located in Nassau County that was subject to a mortgage loan originated in March 2006 and subsequently assigned to U.S.

Bank as Trustee for the for Citigroup Mortgage Loan Trust, Inc. 2006-NC1, Asset-Backed Pass-Through Certificates Series 2006-NC1. Plaintiff Rochester fully-repaid that mortgage loan on February 25, 2019. Nevertheless, neither U.S. Bank nor additional mortgagee and loan servicer Wells Faro did not present a satisfaction of mortgage to the Nassau County Clerk releasing the lien on Plaintiff Rochester's home and property until on or about April 8, 2019, more than 30-days after Plaintiff Rochester repaid the mortgage loan. *See* **Exhibits C, D**. Plaintiff Rochester is a resident of Port Washington, New York.

13. Plaintiffs Daniel and Nicole Culver, husband and wife, own a home and property located in Nassau County that was subject to three mortgage loans originated by U.S. Bank. The Culver Plaintiffs fully-repaid a September 2011 mortgage loan on December 20, 2018. Nevertheless, U.S. Bank did not present a satisfaction of mortgage to the Nassau County Clerk releasing that lien on the Culver Plaintiffs' home and property until on or about February 4, 2019, more than 30-days after the Culver Plaintiffs repaid the mortgage loan. *See* **Exhibit E**. The Culver Plaintiffs fully-repaid an April 2014 mortgage loan on May 16, 2018. Nevertheless, U.S. Bank did not present a satisfaction of mortgage to the Nassau County Clerk releasing that lien on the Culver Plaintiffs' home and property until on or about July 24, 2018, more than 60-days after the Culver Plaintiffs repaid the mortgage loan. *See* **Exhibit F**. The Culver Plaintiffs fully-repaid a May 2018 mortgage loan on December 20, 2018. Nevertheless, U.S. Bank did not present a satisfaction of mortgage to the Nassau County Clerk releasing the lien on the Culver Plaintiffs' home and property until on or about April 30, 2019, more than 90-days after the Culver Plaintiffs repaid the mortgage loan. *See* **Exhibit G**. Plaintiffs Daniel and Nicole Culver are residents of South Hempstead, New York.

14. U.S. Bank is subsidiary of U.S. Bancorp and is a nationally-chartered bank that

maintains its headquarters at 425 Walnut Street, Cincinnati, OH 45202 and its principle executive offices in Minneapolis, Minnesota. It maintains offices throughout New York State, including within this District. U.S. Bank provides personal and residential lending and servicing and is among the largest trustees for securitized mortgage loan pools and trusts in the nation.

15. Ocwen is a Florida-chartered corporation that maintains its headquarters and its principle executive offices in West Palm Beach, Florida. Ocwen provides personal and residential lending and servicing and was a loan servicer and agent for U.S. Bank. Ocwen is the successor, parent and principle of Litton Loan Servicing, L.P. and of PHH Corporation by reason of acquisitions in 2011 and 2018, respectively. Ocwen is or was also the sole member of Ocwen Loan Servicing, LLC. Ocwen is defined in this *Complaint* to include Litton Loan Servicing, L.P., PHH Mortgage Corporation and Ocwen Loan Servicing, LLC and any other subsidiary.

16. Wells Fargo is a subsidiary of Wells Fargo & Company and is a nationally-chartered bank that maintains its headquarters in San Francisco, California and its principle executive offices in Sioux Falls, South Dakota. It maintains offices throughout New York State, including within this District. Wells Fargo provides personal and residential lending and servicing, and was a loan servicer and agent for U.S. Bank.

IV. STATEMENT OF FACTS

17. Like many banks and bank servicing agents benefiting from their mortgage loan operations in New York, Defendants frequently fail to comply with their obligations to timely present and file mortgage satisfactions.

18. The failure of the banks and servicing agents, lending institutions, to timely release and discharge mortgage liens causes actual, concrete, and particularized injuries to their mortgagors, both tangible and intangible. The failure to timely present a mortgage satisfaction

can also frustrate landowners who need a marketable title to complete a property sale.

19. To address mortgage lenders' and servicers' failures to file mortgage satisfactions in a timely manner, RPL §275 and RPAPL §1921 impose progressively higher damages for violations of the statutes by mortgagees in favor of mortgagors where the mortgage satisfaction is not presented for recording within 30 days. The statutory damages are $500.00 after 30 days, $1,000.00 after 60 days, and $1,500.00 after 90 days under each statute.

**Defendants Fail to Timely Release its Lien in Plaintiff Ballard's Home**

20. Plaintiff Ballard obtained a mortgage loan from PMCC Mortgage Corporation in July 1999 secured by his current home and property located at 133 Johnsontown Road, Sloatsburg, New York in Rockland County.

21. PMCC subsequently assigned that mortgage on Plaintiff Ballard's home to Impac Funding Corporation.

22. On or about April 22, 2010, Impac Funding Corporation assigned the mortgage related to Plaintiff Rochester's home to U.S. Bank as Trustee for the Mortgage Pass-Through Certificates Series 1999-10, which assignment was recorded on or about April 30, 2010, as corrected in a document dated May 19, 2011 and recorded June 8, 2011. Following this assignment U.S Bank became the holder of Plaintiff Ballard's mortgage.

23. Litton Loan Servicing, L.P. was the person to whom payments were made on Plaintiff Ballard's mortgage loan until Litton Loan Servicing, L.P. was acquired by Ocwen in 2011. As a result of its acquisition of Litton Loan Servicing, L.P., Ocwen became the successor, parent and principal to Litton Loan Servicing, L.P.

24. Litton Loan Servicing, L.P., and thereafter Ocwen, was the personal representative, agent, successor and/or assign to U.S. Bank.

25. Plaintiff Ballard fully-satisfied his mortgage loan on or about July 14, 2011. *See* **Exhibit B**.

26. In a July 20, 2011 letter, Litton Loan Servicing, L.P. acknowledged Plaintiff Ballard's payoff of his mortgage loan. That letter misrepresented that a Satisfaction releasing the mortgage lien would be sent to Plaintiff Ballard, his closing agent or "the appropriate county clerk within the timeframe allowed by the state statutes governing the location of the property."

27. On or about October 4, 2018 Ocwen acquired PHH Mortgage Corporation, thereby becoming its successor, parent and principal.

28. Even though Plaintiff Ballard fully-repaid his mortgage loan on or about July 14, 2011, neither U.S. Bank nor Ocwen, nor any subsidiary or agent of Ocwen, presented a satisfaction of mortgage to the Rockland County Clerk until on or about January 21, 2020, more than 8 years after Plaintiff Ballard fully-repaid his mortgage loan. *See* **Exhibit A**. That satisfaction of mortgage was executed on January 2, 2020. *Id.* That Satisfaction was presented to the Rockland County Clerk for U.S. Bank "by its attorney-in-fact PHH Mortgage Corporation successor by merger to Ocwen Loan Servicing LLC."

29. U.S. Bank and Ocwen were "mortgagees" for Plaintiff Ballard's mortgage loan as that term is defined and used in RPL §275 and RPAPL §1921.

30. By failing to present a valid satisfaction of mortgage with the Rockland County Clerk within 30 days from payoff of Plaintiff Ballard's mortgage loan on or about July 14, 2011, U.S. Bank and Ocwen violated RPL §275 and RPAPL §1921, and thereby caused injury to Plaintiff Ballard, redressable by the statutory damages set forth in RPL §275 and RPAPL §1921.

31. Plaintiff Ballard is not alone. Upon information and belief, U.S. Bank and Ocwen have failed to timely file mortgage satisfactions in thousands of instances throughout New York

State, resulting in classwide violations of RPL §275 and RPAPL §1921.

32. U.S. Bank is a repeat violator of RPL §275 and RPAPL §1921. Even after settling its prior violations classwide, *see* S.D.N.Y. Case Nos. 13-cv-5429-CS-LMS and 14-cv-648-CS-LMS, it continues to violate RPL §275 and RPAPL §1921.

**<u>Defendants Fail to Timely Release its Lien in Plaintiff Rochester's Home</u>**

33. Plaintiff Rochester obtained a mortgage loan from New Century Mortgage Corporation in March 2006 secured by his current home and property located at 21 Marino Avenue, Port Washington, New York in Nassau County.

34. On or about August 19, 2014, New Century Mortgage Corporation assigned its mortgage related to Plaintiff Rochester's home to U.S. Bank as Trustee for the Citigroup Mortgage Loan Trust, Inc. 2006-NC1, Asset-Backed Pass-Through Certificates Series 2006-NC1, which assignment was recorded on or about December 8, 2014. Following this assignment U.S Bank became the holder of Plaintiff Rochester's mortgage.

35. On or about October 12, 2010, Plaintiff Rochester entered into a *Loan Modification Agreement* with U.S. Bank as Trustee for the for Citigroup Mortgage Loan Trust, Inc. 2006-NC1, Asset-Backed Pass-Through Certificates Series 2006-NC1, which was recorded on or about December 8, 2014.

36. Wells Fargo executed the *Loan Modification Agreement* as "Attorney-In-Fact" for U.S. Bank as Trustee for the for Citigroup Mortgage Loan Trust, Inc. 2006-NC1, Asset-Backed Pass-Through Certificates Series 2006-NCI.

37. Wells Fargo was the person to whom payments were made on Plaintiff Rochester's modified mortgage loan. Wells Fargo is the owner, parent and principle of Wells Fargo Home Mortgage and America's Servicing Company.

38. Wells Fargo was the personal representative, agent, successor and/or assign to U.S. Bank.

39. Plaintiff Rochester fully-satisfied his mortgage loan on February 25, 2019. *See* **Exhibit D**.

40. Even though Plaintiff Rochester fully-repaid his mortgage loan on or about February 25, 2019, neither U.S. Bank nor Wells Fargo presented a satisfaction of mortgage to the Nassau County Clerk until on or about April 8, 2019, more than 30-days after Plaintiff Rochester fully-repaid his mortgage loan. *See* **Exhibit C**.

41. U.S. Bank and Wells Fargo were "mortgagees" for Plaintiff Rochester's mortgage loan as that term is defined and used in RPL §275 and RPAPL §1921.

42. By failing to present a valid satisfaction of mortgage with the Nassau County Clerk within 30 days from February 25, 2019, U.S. Bank and Wells Fargo violated RPL §275 and RPAPL §1921, and thereby caused injury to Plaintiff Rochester, redressable by the statutory damages set forth in RPL §275 and RPAPL §1921.

43. Plaintiff Rochester is not alone. Upon information and belief, U.S. Bank and Wells Fargo have failed to timely file mortgage satisfactions in thousands of instances throughout New York State, resulting in classwide violations of RPL §275 and RPAPL §1921.

44. U.S. Bank and Wells Fargo are repeat violators of RPL §275 and RPAPL §1921. Even after settling their prior violations classwide, *see* S.D.N.Y. Case Nos. 13-cv-5429-CS-LMS and 14-cv-648-CS-LMS, both continue to violate RPL §275 and RPAPL §1921.

**Defendants Fail to Timely Release Three Liens On the Culver Plaintiffs' Home**

45. Plaintiffs Daniel and Nicole Culver obtained a mortgage loan from U.S. Bank in September 2011 secured by their current home and property located at 1214 Maple Avenue,

Hempstead, New York.

46. U.S. Bank was the person to whom payments were made on the Culver Plaintiffs' September 2011 mortgage loan.

47. The Culver Plaintiffs fully-satisfied their September 2011 mortgage loan on December 20, 2018.

48. Even though the Culver Plaintiffs fully-repaid their September 2011 mortgage loan on or about December 20, 2018, U.S. Bank did not present a satisfaction of mortgage to the Nassau County Clerk until on or about February 4, 2019, more than 30-days after the Culver Plaintiffs fully-repaid their September 2011 mortgage loan. *See* **Exhibit E.**

49. The Culver Plaintiffs obtained a second mortgage loan from U.S. Bank in April 2014 secured by his current home and property located at 1214 Maple Avenue, Hempstead, New York.

50. U.S. Bank was the person to whom payments were made on the Culver Plaintiffs' April 2014 mortgage loan.

51. The Culver Plaintiffs fully-satisfied his April 2014 mortgage loan on May 16, 2018.

52. Even though the Culver Plaintiffs fully-repaid their April 2014 mortgage loan on or about May 16, 2018, U.S. Bank did not present a satisfaction of mortgage to the Nassau County Clerk until on or about July 24, 2018, more than 60-days after Plaintiff Culver and his wife fully-repaid their May 2014 mortgage loan. *See* **Exhibit F.**

53. The Culver Plaintiffs obtained a third mortgage loan from U.S. Bank in May 2018 secured by their current home and property located at 1214 Maple Avenue, Hempstead, New York.

54. U.S. Bank was the person to whom payments were made on the Culver Plaintiffs' May 2018 mortgage loan.

55. The Culver Plaintiffs fully-satisfied their May 2018 mortgage loan on December 20, 2018.

56. Even though the Culver Plaintiffs fully-repaid their mortgage loan on or about December 20, 2018, U.S. Bank did not present a satisfaction of mortgage to the Nassau County Clerk until on or about April 30, 2019, more than 90-days after the Culver Plaintiffs fully-repaid their May 2018 mortgage loan. *See* **Exhibit G**.

57. U.S. Bank is a "mortgagee" for the Culver Plaintiffs' mortgage loans as that term is defined and used in RPL §275 and RPAPL §1921.

58. By failing to present valid satisfactions of mortgage with the Nassau County Clerk within 30 days from December 20, 2018 (for the September 2011 and May 2018 mortgage loans) and from May 16, 2018 (for the April 2014 mortgage loan), U.S. Bank violated RPL §275 and RPAPL §1921, and thereby caused injury to the Culver Plaintiffs, redressable by the statutory damages set forth in RPL §275 and RPAPL §1921.

59. The Culver Plaintiffs are not alone. Upon information and belief, U.S. Bank has failed to timely file mortgage satisfactions in thousands of instances throughout New York State, resulting in classwide violations of RPL §275 and RPAPL §1921.

60. U.S. Bank is a repeat violator of RPL §275 and RPAPL §1921. Even after settling its prior violations classwide, *see* S.D.N.Y. Case Nos. 13-cv-5429-CS-LMS and 14-cv-648-CS-LMS, it continues to violate RPL §275 and RPAPL §1921.

V. **CLASS ACTION ALLEGATIONS**

61. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil

Procedure on behalf of themselves and the absent members of a Class, defined as follows:

> All persons who were a mortgagor to a mortgage or home equity loan secured by real property located in New York State for which U.S. Bank, Ocwen and/or Wells Fargo was a mortgagee and for which U.S Bank, Ocwen and/or Wells Fargo did not present a valid certificate of discharge or satisfaction of mortgage to the recording officer of the county where the mortgage was recorded within thirty (30) days after loans were completely paid or satisfied.

62. Excluded from the Class are Defendants and their subsidiaries, officers, directors, employees, partners and co-venturers, federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

63. While Plaintiffs do not know the exact size or identities of the Class, the size of the Class is reasonably believed to contain many thousands of individuals whose identities can be readily ascertained from Defendants' books and records and the property records maintained by the New York county clerks' offices.

64. There are questions of law or fact common to the Class which predominate over any questions affecting only individual members, including:

(a). Whether Defendants failed to timely present certificates of discharge or satisfactions of mortgage;

(b). Whether Defendants violated RPL §275;

(c). Whether Defendants violated RPAPL §1921; and

(d). Whether Plaintiffs and the Class are entitled to damages and/or injunctive relief as a result of Defendants' conduct, and the proper measure of damages and other relief; and

65. The factual and legal claims asserted by Plaintiffs are typical of the claims of the members of the Class.

66. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained able counsel with extensive experience in consumer practices as well as in class action litigation. The interests of Plaintiffs are coincident with, and not antagonistic to, the interests of the other Class members.

67. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

68. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants.

69. The absent members of the Class are readily identifiable by reference to internal banking records of the Defendants and public records.

70. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual members of the Class are relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them. The Class is readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. The Court will encounter no difficulty in managing this action as a class action.

71. Defendants have acted on grounds that apply generally to the absent members of the Class, namely failing to ensure that satisfactions of mortgages are timely presented.

## VI. INJURY AND DAMAGES

72. Plaintiffs and the absent members of the Class have been injured and incurred an

injury in fact as result of Defendants' violations of RPL §275 and RPAPL §1921, which injuries are concrete and particularized and actual or imminent.[2]

73. Plaintiffs and the absent members of the Class have been injured and incurred injuries-in-fact foreseeably, directly and proximately caused by the violations and injuries codified by the New York Legislature in RPL §275 and RPAPL §1921.

74. Among the concrete and particularized injuries and injuries-in-fact suffered by Plaintiffs and the absent members of the Class, and foreseeably, directly and proximately caused by Defendants' violations of RPL § 275 and RPAPL § 1921 are: (1) real risk of harm caused by Defendants clouding of titles to Plaintiffs' and the absent members of the Classes' respective properties encumbered by Defendants' mortgage liens; (2) difficulties and potential difficulties in securing financing on another property after repaying their mortgage or home equity loans; (3) difficulties and potential difficulties in selling or encumbering the subject property after repaying their mortgage or home equity loans; (4) burdening property owners' rights to free alienability; (5) frustrating the orderly transfer of property; (6) paying the filing fees for the timely filing of a satisfaction of mortgage or certificate of discharge that was not timely filed by Defendants; (7) the impairment of credit and credit scores caused by failures to timely extinguish repaid debts and credit obligations; and (8) any and all obstacles, whether tangible or intangible, incurred by borrowers resulting from Defendants' failing to timely discharge mortgage liens.

75. As a result of the concrete and particularized injuries incurred as a foreseeable, direct, and proximate result of Defendants' violations of RPL §275 and RPAPL §1921, Plaintiffs and the absent members of the Class are entitled to the damages as set forth by the New York

---

[2] *See Bellino v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 128770, *19-20 (S.D.N.Y. Sept. 20, 2016) ("'As a threshold matter, this Court agrees with Judge Briccetti that 'a state statute, like a federal statute, may create a legal right, the invasion of which may constitute a concrete injury for Article III purposes.'" (quoting *Jaffe v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 92899, *11 (S.D.N.Y. July 15, 2016)).

Legislature in RPL §275 and RPAPL §1921.

76. The payment of damages to Plaintiffs and the Class as required by RPL §275 and RPAPL §1921 will redress the injuries incurred by Plaintiffs and the absent members of the Class as a direct and proximate result of Defendants' violations of those statutes.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF RPL §275
### (AGAINST ALL DEFENDANTS)

77. Plaintiffs restate, re-allege, and incorporate by reference the foregoing paragraphs.

78. RPL §275 states:

Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter. The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

79. As it pertains to Plaintiff Rochester individually, U.S. Bank and Wells Fargo failed to present a valid certificate of discharge or satisfaction of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Rochester's mortgage loan for which U.S. Bank and Wells Fargo Bank were the mortgagees.

80. As it pertains to Plaintiff Ballard individually, U.S. Bank and Ocwen failed to present a valid certificate of discharge or satisfaction of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Ballard's

mortgage loan for which U.S. Bank and Ocwen were the mortgagees.

81. As it pertains to the Culver Plaintiffs individually, U.S. Bank thrice failed to present valid certificates of discharge or satisfactions of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on the Culver Plaintiffs' three mortgage loans for which U.S. Bank was the mortgagee.

82. Defendants routinely fail to timely present certificates of discharge or satisfactions of mortgage, as required by RPL §275.

83. By reason of the foregoing, Defendants have violated RPL §275 causing injury to Plaintiffs and the absent members of the Class.

84. Defendants are liable to Plaintiffs and the absent members of the Class for the statutory damages that are due for violations of RPL § 275.

85. Plaintiffs and the absent members of the Class seek damages, statutory damages, an injunction, restitution, attorneys' fees and costs, and all other appropriate legal and equitable relief and remedies for Defendants' violations of RPL § 275.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF RPAPL § 1921
#### (AGAINST ALL DEFENDANTS)

86. Plaintiffs restate, re-allege, and incorporate by reference the foregoing paragraphs.

87. RPAPL §1921(1) states:

After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . a mortgagee of real property situate in this state, unless otherwise requested in writing by the mortgagor or the assignee of such mortgage, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, a satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage: (a) presented for recording to the recording officer of the county where the mortgage is recorded, or (b) if so requested by the mortgagor or the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

88. RPAPL § 1921(9)(a) provides that, "When used in this section:"

(a) "Mortgagee" means (i) the current holder of the mortgage of record or the current holder of the mortgage, or (ii) any person to whom payments are required to be made or (iii) their personal representatives, agents, successors, or assigns.

89. As it pertains to Plaintiff Ballard individually, U.S. Bank and Ocwen failed to present a valid certificate of discharge or satisfaction of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Ballard's mortgage loan for which U.S. Bank and Ocwen were the mortgagees.

90. As it pertains to Plaintiff Rochester individually, U.S. Bank and Wells Fargo failed to present a valid certificate of discharge or satisfaction of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Rochester's

mortgage loan for which U.S. Bank and Wells Fargo were the mortgagees.

91. As it pertains to the Culver Plaintiffs individually, U.S. Bank thrice failed to present valid certificates of discharge or satisfactions of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on the Culver Plaintiffs' three mortgage loans for which U.S. Bank was the mortgagees.

92. Defendants routinely fail to timely present certificates of discharge or satisfactions of mortgage, as required by RPAPL §1921.

93. By reason of the foregoing, Defendants have violated RPAPL §1921 causing injury to Plaintiffs and the absent members of the Class.

94. Defendants are liable to Plaintiffs and the absent members of the Class for the statutory damages that are due for violations of RPAPL §1921.

95. Plaintiffs and the Class seek damages, statutory damages, an injunction, restitution, attorney's fees and costs, and all other appropriate legal and equitable relief and remedies for Defendants' violations of RPAPL §1921.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendants as follows:

A.	An order certifying this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, and appointing Plaintiffs and their counsel to represent the Class;

B.	On Plaintiffs' First Cause of Action, awarding judgment against Defendants and ordering the payment of statutory damages that Plaintiffs and the other Class members are due as a result of Defendants' violations of RPL §275;

C.	On Plaintiffs' Second Cause of Action, awarding judgment against Defendants and ordering the payment of statutory damages that Plaintiffs and the other Class members are due as result of Defendants' violations of RPAPL §1921;

D.	A permanent injunction enjoining Defendants' continuing and future violations of RPL §275 and RPAPL §1921;

E.	Pre-judgment and post-judgment interest to fullest extent permitted by law;

F.	Awarding Plaintiffs and the absent members of the Class their reasonably incurred costs of prosecuting this action and attorneys' fees; and

I.	Awarding Plaintiffs and the absent members of the Class such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury for all claims to the extent authorized by law.

DATED: July 6, 2020

        **LOWEY DANNENBERG P.C.**

        /s/ Peter D. St. Philip, Jr.
        Peter D. St. Phillip, Jr.
        pstphillip@lowey.com
        44 South Broadway, Ste. 1100
        White Plains, NY 10601
        Tel. (914) 997-0500
        Fax (914) 997-0035

        **TUSA P.C.**

        /s/ Joseph S. Tusa
        Joseph S. Tusa
        joseph.tusapc@gmail.com
        P.O. Box 566
        55000 Main Road, 2nd Floor
        Southold, NY 11971
        Tel. (631) 407-5100

        *Attorneys for Plaintiffs*
        *and Proposed Class Counsel*