**MEMORANDUM ENDORSEMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/2020

**MEMO ENDORSED**

Ballard et al. v. U.S. Bank N.A. et al
20-cv-5129 (NSR)

The Court is in receipt of and has reviewed the letters from Defendants dated October 15, 2020 (ECF Nos. 26-28) and from Plaintiffs dated October 20, 2020 (ECF No. 32).

Since Plaintiffs do not oppose Defendants' request for a stay pending the United States Court of Appeals for the Second Circuit's disposition of *Maddox v. Bank of N.Y. Mellon Trust Co.,* Dkt. No. 19-1774, the Court determines that this matter should be stayed for 60 days without prejudice to the parties seeking further extension of the stay provided that in any extension request the parties provide a written update on the status of *Maddox*.

Dated: October 29, 2020
White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



Stradley Ronon Stevens & Young, LLP

100 Park Avenue, Suite 2000
New York, NY  10017
Telephone  212.812.4124
Fax  646.682.7180

www.stradley.com

October 15, 2020

**VIA ECF & FAX**
Hon. Nelson S. Román
United States District Judge
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, New York 10601-4150

      Re:    *Keith Ballard et al. v. U.S. Bank, N.A. et al.*
             Case No. 7:20-cv-05129-NSR

To the Honorable Nelson S. Román:

Ocwen Financial Corporation ("Ocwen") and US Bank, N.A., as Trustee of the Mortgage Pass Through Certificates, Series 1999-10 Trust ("the Ballard Defendants") write in accordance with Rule 3.A.ii. of the Court's Individual Practices in Civil Cases to request a stay of all proceedings or, alternatively, a pre-motion conference regarding proposed motions to stay, sever and dismiss.

<u>Background</u>

In July 2020, Keith Ballard, Ronald Rochester, and Daniel Culver and Nicole Culver (collectively, "Plaintiffs") filed a putative class action complaint against Ocwen, U.S. Bank, N.A., and Wells Fargo Bank, N.A.  Plaintiffs seek statutory penalties for alleged violations of New York Real Property Law ("RPL") § 275 and New York Real Property Actions and Proceedings Law ("RPAPL") § 1921 (collectively, the "Statutes"), relating to Defendants' alleged failure to timely present satisfactions of mortgage for recording.  Compl. p. 19 at ¶¶ B-D.

The allegations relate to the payoff of five distinct loans.

The first, the Ballard loan, was originated in 1999 by PMCC Mortgage Corporation and secured by property in Rockland County.  The loan was transferred to the Mortgage Pass-Through Certificates Series 1999-10 loan pool (the "1999-10 Trust"), for which U.S. Bank was trustee. Compl. ¶ 11.  Litton, Ocwen Loan Servicing LLC's predecessor, serviced the loan until 2011, when it was paid in full.  In January 2020, Ocwen Loan Servicing recorded a satisfaction of mortgage. Compl. ¶ 11., Ex. A.

The second, the Rochester loan, was originated in 2006 by New Century Mortgage Corporation in 2006 and secured by property in Nassau County.  Compl. ¶ 33.  That loan was assigned to a Citigroup Mortgage Loan Trust, Inc. 2006-NC1, Asset-Backed Pass-Through Certificates Series 2006-NC1 (the "2006-NC1 Trust"), for which U.S. Bank was trustee.  Wells

07685.1980/15522004.1 Philadelphia, PA • Harrisburg, PA • Malvern, PA • Cherry Hill, NJ • Wilmington, DE • Washington, DC • New York, NY • Chicago, IL

A Pennsylvania Limited Liability Partnership

MERITAS LAW FIRMS WORLDWIDE

4749010v.1



Stradley Ronon Stevens & Young, LLP

100 Park Avenue, Suite 2000
New York, NY 10017
Telephone 212.812.4124
Fax 646.682.7180

www.stradley.com

Fargo serviced the loan until February 2019, when it was paid in full. Compl. ¶¶ 34, 37. A satisfaction of mortgage was recorded in April 2019.

The third, fourth, and fifth loans were obtained by the Culvers in 2011, 2014, and 2018. Each was originated and serviced by U.S. Bank, in its individual capacity, and secured by property in Nassau County. Compl. ¶¶ 45, 48. The loans were repaid in 2018; however, the Culvers claim satisfactions were not timely presented for recording. Compl. ¶¶ 46- 48.

In sum, the Ballard, Rochester, and Culver loans were made (and reconveyed) by different lenders, for different borrowers, and relate to different properties. Compl., Ex. A, C, E-F.

### Request To Stay Proceedings

The Ballard Defendants request a stay of all proceedings pending the Second Circuit's decision in *Maddox v. Bank of New York Mellon Trust Co.*, Docket No. 19-1774. The jurisdictional issue before the Second Circuit—whether technical violations of the Statutes confer Article III standing—is potentially dispositive.

The Ballard Defendants contend Plaintiffs lack standing, as they fail to allege a concrete and particularized injury. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1542 (2016). However, it is cognizant that there is a divergence of opinion among federal courts that have considered whether technical statutory violations confer Article III standing, as this Court acknowledged in *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14-cv-3139 (NSR), 2017 U.S. Dist. LEXIS 5454, at *14 (S.D.N.Y. Jan. 13, 2017). In light of that divergence, and in the interest of judicial economy, The Ballard Defendants propose to stay the proceedings until the Second Circuit issues its opinion in *Maddox*. *See Rubino v. HSBC Bank, USA, N.A.*, Case No. 19-cv-2154-KMK [Dkt. No. 42] (staying proceedings pending *Maddox* opinion).

If the Court is not inclined to stay the proceedings now, or consider a motion to stay, the Ballard Defendants request a pre-motion conference and propose to file a motion to sever and, thereafter, a motion to dismiss.

### Motion to Sever

A motion to sever the Rochester and Culver claims is warranted pursuant to Rule 21.

Plaintiffs' claims arise out of separate transactions—distinct loans, which were entered into, paid off, and satisfied/released at different times, and involve different lenders/servicers. *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557. They "do not constitute a single transaction or occurrence" and, therefore, cannot be joined in a single action. *Abraham v. Am. Home Mortg. Servicing*, 947 F. Supp. 2d 222, 229 (E.D.N.Y. 2013).

07685.1980/15522004.1 Philadelphia, PA • Harrisburg, PA • Malvern, PA • Cherry Hill, NJ • Wilmington, DE • Washington, DC • New York, NY • Chicago, IL

A Pennsylvania Limited Liability Partnership

MERITAS LAW FIRMS WORLDWIDE

4749010v.1



Stradley Ronon Stevens & Young, LLP

100 Park Avenue, Suite 2000
New York, NY  10017
Telephone  212.812.4124
Fax  646.682.7180

www.stradley.com

U.S. Bank's alleged connection to each loan does not cure this defect.  It was involved with the Ballard, Rochester, and Culver loans in different capacities: (1) as trustee for the 1999-10 Trust; (2) as trustee for the 2006-NC1 Trust; and (3) in its individual capacity, respectively.  As such, it acted as three separate legal entities in relation to the loans.  *Leonard v. Pierce*, 182 N.Y. 431, 432, 75 N.E. 313, 313 (1905) ("trustee in his individual capacity was a distinct and separate party from his role as trustee…."); *Boyd v. United States Mortg. & Tr. Co.*, 187 N.Y. 262, 272, 79 N.E. 999, 1002 (1907) (same); *Union Guardian Tr. Co. v. Detroit Tr. Co.*, 72 F.2d 120, 121 (6th Cir. 1934) (litigating in one's capacity as trustee does not give the court jurisdiction over that party in its individual capacity).

Plaintiffs' assertion of similar legal claims does not satisfy Rule 20(a)(1) either.  Indeed, "[t]he allegation that 'the defendants merely committed the same type of violation in the same way' is insufficient to justify joinder…." *Colonial Funding Network, Inc. v. McNider Marine, LLC*, 2017 U.S. Dist. LEXIS 192991, at *10 (S.D.N.Y. Nov. 21, 2017).

The Rochester and Culver claims should therefore be severed from Ballard's claims.

## Motion to Dismiss[1]

Finally, The Ballard Defendants propose to file a motion to dismiss because Plaintiffs lack standing (as explained above and because Rochester/Culvers allege no wrongdoing by them).

Ballard's claims are also time-barred.  Claims for statutory penalties under RPL § 275 and RPAPL § 1921 are subject to a three-year statute of limitations.  *See* CPLR § 214(2); *Whittenburg v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 66019, at *4 (S.D.N.Y. Mar. 24, 2015) ("plaintiffs' and the proposed class's claims are subject to the three-year statute of limitations in CPLR 214(2), because the penalties they seek are statutory creations of RPL § 275(1) and RPAPL § 1921(1).")  The limitations period begins to run at the expiration of the 30-day period within which a satisfaction must be presented for recording.

Ballard's claims accrued in 2011, when his loan was repaid.  Compl. ¶ 11.  They expired 3-years later, in 2014.  However, this lawsuit was not commenced until 2020, 6 years too late.

I thank the Court in advance for its consideration of this request.

                                                    Respectfully submitted,
                                                    /s/ *Lijue T. Philip*

cc All Parties (via ECF and email)

---

[1] This list is non-exhaustive, as the Ballard Defendants continue their investigation.  They reserve the right to assert jurisdictional defenses, including lack of subject matter jurisdiction under CAFA.

07685.1980/15522004.1 Philadelphia, PA • Harrisburg, PA • Malvern, PA • Cherry Hill, NJ • Wilmington, DE • Washington, DC • New York, NY • Chicago, IL

A Pennsylvania Limited Liability Partnership

MERITAS LAW FIRMS WORLDWIDE

4749010v.1



Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

**Diane A. Bettino**
Direct Phone:  +1 609 514 5962
Email:  dbettino@reedsmith.com

**Via ECF and Facsimile, Copy to All Counsel of Record**                October 15, 2020

The Honorable Nelson S. Roman, U.S.D.J.
The Hon. Charles L. Brieant Jr. Federal
Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      RE:    **Ballard, et al. v. U.S. Bank National Association, et al.**
             Case No.:  7:20-cv-5129-NSR

Dear Judge Roman:

    This firm represents Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association as Trustee for the Citigroup Mortgage Loan Trust, Inc. 2006-NC1, Asset-Backed Pass-Through Certificates Series 2006-NC1 ("Citigroup Trust") in the above-referenced matter.  Wells Fargo and the Citigroup Trust request a Pre-Motion Conference and for permission to file a Motion to Sever Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 20 and 21, and then, to file a Motion for Summary Judgment in Lieu of An Answer pursuant to Fed. R. Civ. P. 56.[1]

## Factual and Procedural Background

    On March 6, 2020, Plaintiffs Keith Ballard, Ronald Rochester ("Rochester"), Daniel Culver, and Nicole Culver ("Plaintiffs") filed a Class Action Complaint against Wells Fargo, U.S. Bank National Association, and Ocwen Financial Corporation ("Defendants").  Plaintiffs allege Defendants violated New York Real Property Law ("RPL") § 275 and New York Real Property Actions and Proceedings Law ("RPAPL") § 1921 by failing to present discharges or satisfactions of mortgage to county clerks within thirty days of the payoff of their mortgages.  *See Docket Entry ("DE") 1*, at ¶ 2.

    Each of the Plaintiffs have unique circumstances underpinning their claims, and only Rochester asserts causes of action in the Complaint against Wells Fargo and the Citigroup Trust.  Ballard and the Culvers assert claims against Ocwen and U.S. Bank National Association concerning different loans, different properties, and different circumstances.  Rochester obtained a mortgage from New Century Mortgage Corporation in March 2006, secured by the property located at 21 Marino Avenue, Port

---

[1] A defendant may move for summary judgment in lieu of filing an answer where dismissal of the complaint is warranted but it is necessary for the Court to consider documents outside of the pleadings. *See, e.g.*, *Fausto v. Reno*, 955 F. Supp. 286, 288 (S.D.N.Y. 1997).  The other parties may seek a stay of the proceedings based on the pending Second Circuit appeal in *Maddox*, but Wells Fargo and the Citigroup Trust seek permission to file a Motion for Severance and an early Motion for Summary Judgment because irrefutable documents outside of the pleadings show that Plaintiffs cannot state a claim against Wells Fargo or the Citigroup Trust.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Diane A. Bettino ♦Office Administrative Partner ♦ A Limited Liability Partnership formed in the State of Delaware

Page 2



Washington, New York. *DE 1*, at ¶ 33. New Century assigned the mortgage to the Citigroup Trust on August 19, 2014, and the Assignment was recorded on December 8, 2014. *Id.* at ¶ 35. Wells Fargo serviced the mortgage on behalf of the Citigroup Trust.

Rochester alleges that he fully satisfied the mortgage on February 25, 2019, *id.* at ¶ 39, Ex. D, but that Wells Fargo did not timely present a valid Satisfaction of Mortgage to the Nassau County Clerk until April 8, 2019, in violation of RPL § 275 and RPAPL § 1921. *Id.* at ¶¶ 40, 42. However, because the Satisfaction was timely presented, Rochester's claims lack any merit.[2]

### The Complaint Should Be Severed Because The Plaintiffs Misjoined Their Claims And The Defendants In One Action

Under *Rule* 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009). The Court has broad discretion to sever parties or claims under *Rule* 20. *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013). In deciding whether to sever, courts must consider: (i) if there is "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," (ii) if there is "any question of law or fact common to all plaintiffs will arise in the action," and (iii) "whether the claims involve different witnesses and evidence." *Rule* 20; *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008).

Here, Plaintiffs are unrelated individuals improperly joined together who have also misjoined the Defendants, which are also completely unrelated entities. Reflecting the different facts and circumstances between each of the Plaintiffs and their claims, each of the Defendants have different legal strategies and approaches to resolving this action. Rochester's claims have nothing to do with Ballard and the Culvers' claims, nor is there any basis for Wells Fargo or the Citigroup Trust to be co-Defendants with U.S. Bank National Association or Ocwen. Only Rochester had any relationship or has asserted any claims against Wells Fargo involving the Citigroup Trust, while Ballard and the Culvers' claims involve different Defendants, timelines, loans, properties, records, and lien release processes. Wells Fargo cannot possibly be held jointly liable for the same violations as Ocwen or U.S. Bank National Association, nor would judicial economy be served by maintaining this matter as one case with three separate tracks. Simply, the Complaint should be severed.

### Rochester Fails to State a Claim Against Wells Fargo Because the Satisfaction of Mortgage was Timely Presented to the Nassau County Clerk

As described above, the only Plaintiff with claims against Wells Fargo and the Citigroup Trust is Rochester and because Rochester fails to state a claim, Wells Fargo and the Citigroup Trust are entitled to summary judgment. RPL § 275 and RPAPL § 1921 require that a mortgagee "present" a satisfaction or discharge within thirty days of "actual" full payment of the mortgage loan. This Court has held that "presentment" means proving actual receipt of the release by the Clerk, and not merely mailing by the defendant. *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14-cv-3139 (NSR), 2017 WL 129021 (S.D.N.Y. Jan. 13, 2017).

---

[2] The list of arguments in this letter in non-exhaustive and Wells Fargo reserves all jurisdictional defenses, including lack of subject matter jurisdiction under the Class Action Fairness Act ("CAFA").

Page 3

Rochester claims that he refinanced his loan with a closing date of February 25, 2019, but because the Satisfaction was not recorded by the Nassau County Clerk until April 8, 2019, the 30-day statutory requirement for releasing the mortgage was violated. Rochester's timeline is fatally incorrect. "Actual" payment to Wells Fargo from the refinance of Rochester's loan did not occur until March 4, 2019, and a Satisfaction was timely presented to the Nassau County clerk no later than April 1, 2019, fewer than thirty days later. Rochester, in claiming his "payment" took place at the refinance closing on February 25, 2019, ignores that under the Truth in Lending Act, a refinance transaction carries a mandatory 3-day rescission period, with the funds from the new lender being held in escrow by the title company until the rescission period ends and rescission was not chosen. Here, Rochester's disclosures for his refinance attached to his Complaint state that the disbursement date for the funds was no earlier than March 1, 2019. *See DE 1*, Ex. D; 15 U.S.C. § 1635; 12 C.F.R. § 226.23. Wells Fargo did not actually receive the payoff funds until March 4, 2019. Then, on March 29, 2019, Wells Fargo sent a Satisfaction to the Nassau County Clerk via Federal Express, and the Satisfaction was received by the Nassau County Clerk, and thus properly "presented," on April 1, 2019. Thus there is no viable claim against Wells Fargo or the Citigroup Trust.

## Rochester Lacks Article III Standing

Beyond the fact that Wells Fargo timely presented the Satisfaction, the Complaint must be dismissed because Rochester failed to plead any "injury in fact" sufficient to establish Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The Complaint is devoid of any claim that Rochester suffered any concrete harm because of the alleged technical violation. *See Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1002 (11th Cir. 2016) (holding plaintiffs lacked standing for alleged violations of RPL § 275 and RPAPL § 1921).

The Second Circuit Court of Appeals has not addressed this question yet, but the issue is pending before it in *Maddox v. Bank of New York Mellon Trust Co.*, Docket No. 18-2311. Still, the Second Circuit has embraced the reasoning of *Nicklaw* in *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016). While there are opinions of courts in this District finding that alleged harm under the statutes cited in the complaint to be sufficient to confer standing, those opinions do not address *Nicklaw* or the Second Circuit's decision in *Strubel*. *See Jaffe v. Bank of Am., N.A.*, 197 F. Supp. 3d 523 (S.D.N.Y. 2016); *Bellino v. JPMorgan Chase Bank, N.A.*, 209 F. Supp. 3d 601 (S.D.N.Y. 2016).

Rochester suggests members of the putative class may have suffered harm, however, that is irrelevant. Rochester must "personally have been injured" and cannot ground standing on alleged injury that "has been" or may have been suffered by unidentified members of the class. *Spokeo, supra*, 136 S. Ct. at 1547 n.6. Rochester does not allege that he suffered any concrete, actual injury and concedes that the Satisfaction was presented and recorded before he filed this Complaint, leaving a clear public record that the Mortgage was paid off. Thus, Rochester does not, nor could he, allege any material risk of future harm. Rochester's claims must be dismissed for lack of Article III standing.

Respectfully Submitted,

*/s/ Diane A. Bettino*
Diane A. Bettino, Esq.

**Michael S. Kraut**
Partner
+1.212.309.6927
mkraut@morganlewis.com

October 15, 2020

The Honorable Nelson S. Román
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:   *Ballard v. U.S. Bank, N.A.*, Case No. 20-cv-5129

Dear Judge Román:

U.S. Bank National Association solely in its individual capacity (the "Bank") submits this letter to request a pre-motion conference.  First, the Bank will move to sever the only claims against it in this case, which were filed by Plaintiffs Daniel and Nicole Culver, from claims that other Plaintiffs wish to pursue against other Defendants involving different transactions.  Second, the Bank will move for a temporary stay (with Plaintiffs' consent) in light of a pending Second Circuit case involving the same statutes and issues in this action.  Third, if the Court is not inclined to stay the case, the Bank will move to dismiss the Culvers' claims.

Plaintiffs allege satisfactions were not timely filed with county clerks in violation of New York statutes when Plaintiffs paid off their mortgage loans.  Plaintiff Ballard allegedly obtained a mortgage loan from PMCC Mortgage Corporation in 1999, which was securitized by Impac Funding Corporation, and when the loan was paid off in 2011, the servicer was Ocwen Financial Corporation ("Ocwen").  Plaintiff Rochester allegedly obtained a loan from New Century in 2006, which was securitized by Citigroup, and when the loan was paid off in 2019, the servicer was Wells Fargo Bank, N.A. ("Wells Fargo").  The Culver Plaintiffs allegedly obtained three mortgage loans from the Bank in 2011, 2014, and 2018, and the Bank continued to service those loans through the alleged payoff dates in 2018.  U.S. Bank National Association, acting solely in its trustee capacity (which, as explained below is a distinct legal capacity from the Bank), is the trustee of the trusts that held the Ballard and Rochester loans (the "Trustee").[1]

---

[1] A New York common law trust is not a legal entity that can hold property or be sued; to sue a trust, one must sue the trustee.  *See, e.g.*, *Maiden v. Biehl*, 582 F. Supp. 1209, 1218 (S.D.N.Y. 1984) ("[A] trust is not a distinct legal entity like a corporation, it is a set of legal relationships with respect to property.") (citing I Scott on Trusts § 2.3 at 38 (3rd ed. 1967)).  Because the Ballard and Rochester loans were conveyed to the Trusts, Plaintiffs sued the Trustees.  However, because the crux of Plaintiffs' theory relates to mortgage loan servicing conduct, the servicers for the Trusts have retained counsel to represent the Trustees.  Stradley Ronon Stevens & Young LLP represents U.S. Bank National Association as trustee for the Mortgage Pass Through Certificates, Series 1999-10 trust (Ballard

**Motion to Sever**
The Court should sever the Culvers' claims concerning the Bank's mortgage loan servicing from Mr. Ballard's and Mr. Rochester's claims concerning mortgage loan servicing by Ocwen and Wells Fargo, respectively. Federal Rule of Civil Procedure 20 bars different Plaintiffs from pursuing claims against different defendants relating to different transactions in a single lawsuit.[2]

Plaintiffs incorrectly styled the complaint to name "U.S. Bank National Association" as a defendant without distinguishing between the Bank and the Trustee. When a bank acts as a trustee, it does so in a completely separate legal capacity from when it acts in its individual capacity. *See, e.g., City of Cincinnati v. Deutsche Bank Nat'l Trust Co.*, 897 F. Supp. 2d 633, 637-39 (S.D. Ohio 2012) (recognizing that trustees have separate identities when they are sued in their individual capacity versus their trustee capacity). Numerous courts have dismissed claims against trustees in their bank capacities when allegations pertained only to their conduct as trustees. *See, e.g., Briscoe v. Deutsche Bank Nat'l Trust Co.*, No. 08-CV-1279, 2008 WL 4852977, at *5 (N.D. Ill. Nov. 7, 2008); *Mayo v. GMAC Mortg., LLC*, No. 08-CV-00568, 2010 WL 9073441, at *2-3 (W.D. Mo. Mar. 1, 2010). Plaintiffs do not allege or plead any connection between U.S. Bank National Association and the Ballard and Rochester loans other than in its distinct trustee capacity. (Complaint, ¶¶ 22, 35.) Therefore, their claims should be severed from the Culvers' claims against the Bank.[3]

**Motion to Stay**
The Court should stay the Culvers' claims against the Bank, *and Plaintiffs agree*. A case styled as *Maddox v. Bank of New York Mellon Trust Co., N.A.*, 2d Cir. Case No. 19-1774 ("*Maddox*") is pending before the Second Circuit (argued March 26, 2020). The plaintiffs alleged a systemic failure to file satisfactions, and the Second Circuit is considering whether the plaintiffs sufficiently pled particularized harm to confer Article III standing. Here, the facts alleged here are strikingly similar to those at issue in *Maddox* – Plaintiffs fail to plead any facts that point to a concrete and particularized injury as a result of alleged failures to file timely satisfactions. It would be inefficient for the parties to brief, and for this Court to address, the identical legal issue pending before the Second Circuit. A brief stay would not prejudice any party and would promote judicial economy and minimize costs and other burdens borne by the parties.

In the interests of efficiency, the Court should sever the cases *before* entering the stay. If instead the Court stays this case now without considering the Bank's motion to sever, then once the Second Circuit decides *Maddox*, this Court would first need to consider the Bank's motion to sever; that motion would require briefing and perhaps new complaints before the Bank could challenge the sufficiency of the complaint, injecting unnecessary delay.

---

loan), and Reed Smith represents U.S. Bank National Association as trustee for the Citigroup Mortgage Loan Trust, Inc. 2006-NC1, Asset-Backed Pass-Through Certificates, Series 2006-NC1 (Rochester loan).

[2] *See, e.g., Saunders v. Bank of America*, No. 12-cv-9201, 2014 WL 5089501, at *3 (S.D.N.Y. Sept. 22, 2014) (severing claims involving separate mortgage transactions on unrelated properties); *Abraham v. American Home Mortg. Servicing, Inc.*, No. 12-cv-4686, 947 F. Supp. 2d 222 (E.D.N.Y. 2013) (separate loans involving individual transactions or occurrences cannot be joined into a single action).

[3] Upon severing the case, Plaintiffs Ballard and Rochester should be ordered to name U.S. Bank National Association as a defendant, if at all, solely in its trustee capacity. For example, Mr. Rochester could name as a defendant "U.S. Bank National Association, solely in capacity as trustee for the Citigroup Mortgage Loan Trust, Inc. 2006-NC1, Asset-Backed Pass-Through Certificates, Series 2006-NC1."

**Motion to Dismiss**
If the Court declines to stay the Culvers' claims against the Bank, the Bank intends to move to dismiss the complaint on at least six bases.

First, Plaintiffs cannot satisfy the $5 million amount in controversy required to establish this Court's jurisdiction under the Class Action Fairness Act. Plaintiffs plead one conclusory statement that "the subject matter in controversy exceeds the sum or value of $5,000,000.00" but provide no support for this assertion. Plaintiffs bear the burden of establishing jurisdiction and will be unable to show that timely claims against the Bank could reach $5 million. Plaintiffs may not rely on the improperly joined claims of Messrs. Ballard and Rochester concerning servicing by Ocwen and Wells Fargo to establish jurisdiction for their claims against the Bank.

Second, the Complaint pleads no facts sufficient to establish Plaintiffs suffered the particularized harm necessary to confer Article III standing. *See Spokeo v. Robins*, 136 S. Ct. 1540, 1548-49 (2016). Here, Plaintiffs do not claim that Defendants' failure to file satisfactions caused them any particularized injury. They allege no cloud on the title, no financial damages, no harm to their credit, and no inability to sell their property or finance another property. Plaintiffs' allegations state bare procedural violations, not the particularized harm necessary to confer standing.

Third, the Bank seeks an order confirming that neither Plaintiff Ballard nor Plaintiff Rochester can state a claim against the Bank or against U.S. Bank in its capacity as trustee other than as trustee for the two trusts that held their loans, respectively.[4] Neither of those Plaintiffs pleads any relationship with "U.S. Bank National Association" other than in its limited trustee capacity. For the same reason, the Culvers cannot state a claim against U.S. Bank in any trustee capacity.

Fourth, the Culvers fail to allege the elements of their claims against the Bank as to the 2014 and 2018 Home Equity Line of Credit Loan ("HELOC"). In the case of a credit line mortgage, such as a HELOC, RPAPL § 1921(1) requires a written request to send a satisfaction of mortgage. The Culvers do not plead that they made such a request. As such, they have failed to plead that the satisfaction was not timely issued. *See HSBC Bank, USA v. Pugkhem*, 88 A.D.3d 649, 931 N.Y.S.2d 635 (2d Dep't 2011) (holding that merely reducing the balance of a credit line mortgage to zero does not require the mortgagee to close the line of credit or issue a satisfaction of mortgage). The Culvers do not plead that they made a written request for a satisfaction or when they ever closed the accounts, if ever.

Fifth, the Culvers' claim regarding the 2014 HELOC should be dismissed because it was simply refinanced into the 2018 HELOC, and no certificate of discharge needed to be recorded as "a bona fide debt and an enforceable lien continue[d] to exist." RPL § 275(2).

Sixth, Plaintiffs fail to join co-mortgagor Roseann Vercillo as a necessary party.

Sincerely,

Michael S. Kraut

---

[4] Courts do not permit mortgagors to sue the trustees of trusts that did not hold the plaintiffs' loans. *See, e.g., Mayo v. GMAC Mortg., LLC*, No. 08-CV-00568, 2010 WL 9073441, at *4 (W.D. Mo. Mar. 1, 2010) (dismissing claims asserted against a trustee for trusts other than the one trust for which it held the plaintiffs' home mortgage loan).

# TUSA P.C.
### ATTORNEYS AND COUNSELORS AT LAW
www.tpcnylaw.com

Southold
New York City

**Joseph S. Tusa**
Attorney at Law
joseph.tusapc@gmail.com

October 20, 2020

**BY ECF FILING**

Honorable Nelson S. Roman, U.S.D.J.
United States District Court
  for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:      <u>*Ballard v. U.S. Bank, N.A.*, Case No. 20-cv-5129-NSR</u>

Dear Judge Roman:

      We represent Plaintiffs Keith Ballard, Ronald Rochester, Daniel Culver and Nicole Culver and write in response to the October 15, 2020 pre-motion letters filed by the defendants seeking permission to file motions to stay this action, or in the alternative, other motions. *See* Dkts. 26-28.

      Plaintiffs' claims arise from Defendants' violations of New York Real Property Law ("RPL") §275 and New York Real Property Actions and Proceedings Law ("RPAPL") §1921. For all Plaintiffs' loans, U.S. Bank, N.A. ("USB") was the owner and/or holder of the loans, some of which were serviced by co-defendants Wells Fargo, N.A. ("Wells Fargo") and Ocwen Financial, Corporation ("Ocwen"). Under the RPL §275 and RPAPL §1921, Defendants were obligated to present Satisfactions of Mortgage to the County Clerks within 30-days of payoff. For all Plaintiffs, Defendants failed to do so. USB and Wells Fargo are repeat offenders of the statutes, having settled prior violations of the same statutes classwide. *See* SDNY Case No. 13-cv-5429-LMS Dkt. 126.

**Plaintiffs Do Not Oppose a Stay Pending a Decision in *Maddox***

      Plaintiffs do not oppose a stay of this action pending a decision by the Second Circuit in *Maddox v. The Bank of New York Mellon Trust Co., N.A*. That case is on interlocutory appeal following denial of the motion to dismiss challenging the plaintiff's Article III standing and the court's subject matter jurisdiction. Because that decision may resolve the same Article III standing issues raised by Defendants' letters, Plaintiffs do not oppose a stay pending the *Maddox* decision.

**Six Courts in this Circuit Have Rejected Defendants' Article III Standing Arguments**:

      The failure by mortgage banks and servicers to adhere to the satisfaction filing requirements of RPL §275 and RPAPL §1921 is a systemic and recurring problem. Since *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), five bank defendants have made constitutional standing arguments to courts in this Circuit concerning RPL §275 and RPAPL §1921. All rejected those defenses, including Your Honor in *Bellino v. JPMorgan Chase Bank, N.A.*, 209 F. Supp. 3d 601, 609 (S.D.N.Y. 2016)



(Roman, J.) ("'As a threshold matter, this Court agrees with Judge Briccetti that 'a state statute, like a federal statute, may create a legal right, the invasion of which may constitute a concrete injury for Article III purposes.'" (quoting *Jaffe v. Bank of Am., N.A.*, 197 F. Supp. 3d 523, 528 (S.D.N.Y. 2016)). The same argument was rejected by Judge Seibel when made by USB and Wells Fargo, *Villanueva v. Wells Fargo Bank, N.A.*, No. 13-cv-5429(CS)(LMS), 2017 U.S. Dist. LEXIS 97809, at *10-11 (S.D.N.Y. Jan. 25, 2017), which collaterally estops them from repeating that same argument in this action. Joining *Bellno*, *Jaffe* and *Villanueva*, three other courts in this Circuit have reached the same conclusion. *See Maddox v. Bank of N.Y. Mellon Trust. Co.*, No. 15-cv-1053(RJA)(JJM), 2017 U.S. Dist. LEXIS 13424, at *5 (W.D.N.Y. Jan. 30, 2017) (appeal pending), *Zink v. First Niagara Bank, N.A.*, 206 F. Supp. 3d 810, 815-18 (W.D.N.Y. 2016); *cf. Jenkins v. Nat'l Grid USA Serv. Co., Inc.*, No. 15-cv-1219 (JS), 2017 U.S. Dist. LEXIS 155423, *28 (E.D.N.Y. Sept. 22, 2017) (the "alleged injuries in *Jaffe* and *Bellino* were exactly the type of injury the New York Legislature sought to prevent when it enacted RPL Section 275 and RPAPL Section 1921.").

Defendants' standing and jurisdictional challenge to Plaintiffs' claims arising under RPL §275 and RPAPL §1921 are unlikely to prevail. Nevertheless, because those arguments challenge the subject matter jurisdiction of this Court, none of their other proposed motions should be permitted until Defendants' constitutional standing arguments are denied.

**The proposed Motions to Sever are Premature, Inefficient and Misconstrue Rule 20**

Defendants seek permission to make motions to sever this single case into three separate cases, creating obvious inefficiencies. Not only do all Plaintiffs share the same legal claims, all their loans were owned and/or held by USB. Those facts warrant litigation of this action as a single case under FED. R. CIV. P. 20. Similar issues arose in the consolidated cases filed against USB and Well Fargo for prior violations of RPL §275 and RPAPL §1921. *See Villanueva v. Wells Fargo Bank, N.A.,* SDNY Case No. 13-cv-5429-CS-LMS*; Bownan v. Wells Fargo Bank, N.A. and U.S Bank National Association, as Trustee under the Trust Agreement for the Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates, Series 2005-8*, SDNY Case No. 14-cv-648-CS-LMS. Not only were claims against Wells Fargo and USB not severed, the claims against them were litigated and settled together classwide.

Even if motions to sever were appropriate, which they are not, Defendants cannot simultaneously challenge this Court's subject matter jurisdiction and seek that ruling. Moreover, severance is premature until discovery is completed insofar as Defendants' arguments each hinge on contractual agreements between and among USB and its loan servicers Wells Fargo or Ocwen. Since those agreements are outside the pleadings, any factual arguments based on them must await discovery of the agreements and deposition witnesses. *See Todd v. Exxon Corp.*, 275 F.3d 191, 198, 203 (2d Cir. 2001) ("[F]act-specific question[s] cannot be resolved on the pleadings.").

**Defendants' Attacks Against Plaintiffs' Claims Are Without Merit and Premature**

USB and Ocwen do not deny they failed to file satisfactions as to Plaintiffs Ballard's and the Culvers' loans within the statutorily-mandated 30-days from payoff. Wells Fargo impliedly admits that the Complaint pleads valid claims for Plaintiff Rochester, but nevertheless requests to file a premature summary judgment motion prior to discovery.

Tᴜꜱᴀ P.C.

Honorable Nelson S. Roman
October 20, 2020
Page 3

1. <u>Ballard's Claims are Timely</u>. Ocwen disputes the timeliness of Plaintiff Ballard's claims. Perversely relying on the fact that its violations of RPL §275 and RPAPL §1921 persisted for many years, Ocwen ignores its continuing violations and Plaintiff Ballard's continuing injuries. Moreover, Ocwen's loan servicing predecessor deceived Mr. Ballard, misrepresenting in writing that it would send the required "release documents" to the County Clerk. *See* Cpt. (Dkt. 1) ¶26; Dkt. 1-2.

2. <u>USB Cannot Avoid its Violations against the Culvers</u>. USB does not dispute that the Culver Plaintiffs state a valid claim for their 2011 USB mortgage. *See* Cpt. ¶¶ 45-48. USB misstates the case law and pleadings in claiming that payoff of the Culvers' 2014 and 2018 USB credit line mortgages do not result in valid claims. While it argues that notice that 2014 credit line mortgage would be paid off is not alleged, it omits mention that that loan was refinanced from USB to USB, such that it had notice that its *own loan* was being repaid. Cpt. ¶¶ 49-52. Its argument concerning the 2018 credit line mortgage also fails, because it knew that that USB loan was being cancelled once fully-repaid by another lender. Cpt. ¶¶ 53-56. Moreover, USB's claims of lacking notice are belied by the fact that it possessed notice sufficient to file satisfactions with the Nassau County Clerk, albeit after the statutory deadlines. *Id*.

3. <u>Wells Fargo Omits Relevant Facts</u>. Plaintiff Rochester pleads his claims, which is supported by concurring documents. *See* Cpt. ¶¶ 33-41; Dkts. 1-3, 1-4. Save for its standing argument, Wells Fargo does not dispute that Plaintiff Rochester sufficiently pleads his claims. It therefore seeks permission to forgo an answer and discovery, and proceed directly to summary judgment. A summary judgment motion at this early stage would prejudice Plaintiff Rochester and should be denied as premature until after the parties complete discovery. *See* Fᴇᴅ. R. Cɪᴠ. P. 56(d); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-04 (2d Cir. 2003) (citing decisions); *Safe Step Walk In Tub Co. v. CKH Indus.*, No. 15-cv-7543 (NSR), 2018 U.S. Dist. LEXIS 161082, at *26 (S.D.N.Y. Sep. 20, 2018) (Roman, J.) ("'Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.'") (quoting *Hellstrom v. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Circ. 2000)). Wells Fargo omits mention that the parties have discussed its claimed defense and exchanged some documents under the protection of Fᴇᴅ. R. Eᴠɪᴅ. 408. While the details of those discussions and documents are presently protected, the version of events claimed by Wells Fargo in its October 15, 2020 letter concerning Plaintiff Rochester are disputed and contracted by the pleadings. The vetting of Wells Fargo's version of the events requires discovery that is admittedly outside the pleadings. Its request to file a pre-discovery summary judgment motion is disfavored, premature and should be denied.

Respectfully yours,

*[signature: Joseph S. Tusa]*

Joseph S. Tusa

/s/ Peter D. St. Phillip
Lᴏᴡᴇʏ Dᴀɴɴᴇɴʙᴇʀɢ P.C.

cc: Counsel of Record (by ECF Filing)